**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| | : | |
| v. | : | Crim. No. 25-220 (CCC) |
| | : | |
| STEVE MITCHELL | : | |
| and | : | **Consent Protective Order** |
| SAMUEL MITCHELL | : | |

Upon the application of the United States of America, and upon consent of the

defendants, Steve Mitchell and Samuel Mitchell, the Court finds and orders as

follows:

1.    **Disclosure Material.** The Government anticipates disclosing to the

defendants documents, objects, and information as defined by Rule 16(a)(1)(A)–(F),

materials pursuant to 18 U.S.C. § 3500, and potential exculpatory or impeachment

material ("Disclosure Material").   The Disclosure Material produced pursuant to a

scheduling order determined by the Court, includes material that (i) affects the

privacy and confidentiality of individuals, (ii) would impede, if prematurely

disclosed, the Government's ongoing investigation of uncharged individuals, and (iii)

is not authorized to be disclosed to the public or disclosed beyond that which is

necessary for the defense of this criminal case. Thus, the entry of a protective order

is appropriate.

2.    **Facilitation of Discovery.** Entry of this Order permits the

Government to expeditiously produce the Disclosure Material without further

1

litigation or the need for redaction. It also affords the defense prompt access to those materials, in unredacted form, facilitating the preparation of the defense.

3.    **Timing and Scope of Disclosures.** Nothing in this Order changes in any way the timing or scope of the Government's discovery disclosure obligations, and those disclosures remain governed by Rule 16, 18 U.S.C. § 3500, and other statutory and constitutional authorities.

4.    **Good Cause**. There is good cause for entry of this protective order.

IT IS HEREBY ORDERED that:

5.    Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as expressly permitted by this Order.   Disclosure Material shall be used by the defense solely for purposes of defending this action.   The defense shall not disclose any Disclosure Material to any third party except as expressly set forth below.

6.    Disclosure Material may be disclosed by the defense only to:

a.    Personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action;

b.    Prospective witnesses for purposes of defending this action, but counsel shall not permit such individuals to possess or retain Disclosure Material or duplicate versions; and

2

c.    Any Coordinating Discovery Attorney ("CDA") appointed pursuant to the Criminal Justice Act in this case, and any CDA employees and vendors the CDA may engage in the course of his or her duties.

7.    The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further order of this Court.

8.    This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  But if a party wishes to submit Disclosure Material to a court in connection with a motion or application for relief, that party shall do so pursuant to the same procedures used for sentencing materials, as outlined in the District of New Jersey's Protocol for Disclosure of Sentencing Materials (available at https://www.njd.uscourts.gov/court-info/local-rules-and-orders).  Under those procedures:

a.  The Disclosure Material in question must be submitted directly to the court and all counsel of record in the underlying prosecution; absent a court order, no Disclosure Material may be filed on the Court's Case Management/Electronic Case File System ("ECF").

b.  The submitting party must file a contemporaneous notice on ECF that Disclosure Material has been submitted to the Court pursuant to this protective order.

3

c. Public access to the Disclosure Material shall be governed by the same procedure set forth in paragraphs two through five of the District of New Jersey's Protocol for Disclosure of Sentencing Materials.

9. For any Disclosure Material made public, the publishing party must comply with the provisions of Federal Rule of Criminal Procedure 49.1.

10. Counsel may use Disclosure Material at trial, subject to Rule 49.1 and any other applicable law or rules. Disclosure Material introduced as exhibits at a hearing or at trial are no longer subject to the restrictions set forth in this Protective Order.

## Return or Destruction of Material

11. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material within 30 days of: (a) the expiration of the period for direct appeal from any verdict in the above-captioned case; (b) the expiration of the period of direct appeal from any order dismissing any of the charges in the above-captioned case; (c) the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case; or (d) the issuance of an opinion by an appellate court that terminates the case, whichever date is later.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure

Material.  All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Disclosure Material has been disclosed to which such persons.

13.    This Order is binding on all future and successor counsel.

## **Retention of Jurisdiction**

14.    The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

IT IS SO ORDERED this  20  day of _____May_____, 2025.


_____
THE HONORABLE CLAIRE C. CECCHI
United States District Judge

Consented to as to form and entry:


*/s/ Casey S. Smith*_____
Casey S. Smith
Assistant U.S. Attorney


*/s/ Michael Baldassare*_____
Michael Baldassare, Esq.
Counsel for Defendant Steve Mitchell


*/s/ Robert Scrivo*_____
Robert C. Scrivo, Esq.
Counsel for Defendant Samuel Mitchell